<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr>
<td>GLADYS RODRÍGUEZ PÉREZ, ZULMA CORDERO OCASIO, IRIS BONILLA LORENZO<br><br>Parte Recurrente<br><br>v.<br><br>CORPORACION DEL FONDO DEL SEGURO DEL ESTADO<br><br>Parte Recurrida</td>
<td>KLRA202500352</td>
<td><em>REVISIÓN JUDICIAL,</em> procedente de la Junta de Apelaciones de Empleados Gerenciales de la Corporación del Fondo de Seguro del Estado<br><br>Caso núm.:<br>JA-05-22<br>JA-13-35<br>JA-09-12<br><br>Sobre:<br>Reclasificación de Puesto</td>
</tr>
<tr>
<td>CORPORACION DEL FONDO DEL SEGURO DEL ESTADO<br><br>Parte Recurrente<br><br>v.<br><br>GLADYS RODRÍGUEZ PÉREZ, ZULMA CORDERO OCASIO, IRIS BONILLA LORENZO<br><br>Parte Recurrida</td>
<td>TA2025RA00030</td>
<td><em>REVISIÓN JUDICIAL,</em> procedente de la Junta de Apelaciones de Empleados Gerenciales de la Corporación del Fondo de Seguro del Estado<br><br>Caso núm.:<br>JA-05-22<br>JA-13-35<br>JA-09-12<br><br>Sobre:<br>Reclasificación de Puesto</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Candelaria Rosa, el juez Salgado Schwarz y el Juez Robles Adorno.[1]

Robles Adorno, Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 16 de septiembre de 2025.

El 12 de junio de 2025, la señoras Gladys Rodríguez Pérez, la señora Iris M. Bonilla Lorenzo y la señora Zulma A. Cordero Ocasio (en conjunto, parte recurrente) presentaron ante nos una *Revisión*

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución del Juez Monge Gómez.

*Administrativa*, bajo el alfanumérico KLRA202500352, en la que solicitó que revoquemos la *Resolución* emitida y notificada el 1 de mayo de 2025 por la Junta de Apelaciones de Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado (Junta de Apelaciones).[2] En el aludido dictamen, la Junta de Apelaciones resolvió que procedía clasificar prospectivamente a la parte recurrente como Enfermera Gerencial IV.

Por otro lado, el 27 de junio de 2025, la Corporación del Fondo del Seguro del Estado (CFSE) presentó un *Recurso de revisión administrativa*, asignado el alfanumérico TA2025RA00030, en el que suplicó que revoquemos la mencionada *Resolución*. Ello, en virtud de que las funciones laborales de la parte recurrente no son cónsonas con la reclasificación ordenada por la Junta de Apelaciones. Además, solicitó la consolidación de ambos recursos.

El 14 de julio de 2025, emitimos una *Resolución* en la que indicamos que estábamos impedidos de ordenar la consolidación de ambos recursos tras un recurso ser presentado de manera física y el otro en el Sistema Unificado para el Manejo de Casos (SUMAC). No obstante, resolvimos que ambos recursos se tramitarían de manera conjunta.

Tras varios trámites procesales, el 3 de septiembre de 2025, la CFSE radicó una *Moción en cumplimiento de orden y en solicitud de orden de nuevo juicio* en la que solicitó que ordenemos la celebración de una nueva vista adjudicativa dado que la Junta de Apelaciones no grabó las vistas adjudicativas celebradas. Por tanto, argumentó que esta Curia estaba imposibilitada de evaluar las determinaciones de hechos esbozadas por la Junta de Apelaciones y la prueba oral ante la falta de una transcripción de las vistas adjudicativas.

---

[2] Apéndice del recurso de Revisión Judicial, Anejo 1, págs. 1-11.

Por los fundamentos que expondremos a continuación, desestimamos los recursos ante nuestra consideración.

**I.**

El presente caso tuvo su inicio cuando, respectivamente, el 3 de septiembre de 2005 la señora Rodríguez Pérez, el 2 de octubre de 2008 la señora Bonilla Lorenzo y el 28 de junio de 2013 la señora Cordero Ocasio, solicitaron ante el Director de Recursos Humanos de la CFSE una reclasificación de Enfermera Gerencial III a la clase de Enfermera Gerencial IV.[3] Dicha solicitud fue anejada con un listado de tareas y deberes en aras de demostrar que le asistía la reclasificación solicitada.[4]

No obstante, el 12 de mayo de 2005, la CSFE le cursó una misiva a la señora Rodríguez Pérez denegándole la reclasificación peticionada. Ello, dado que las labores que realizaba no eran cónsonas con la clasificación de Enfermera Gerencial IV.[5] Igualmente, el 11 de mayo de 2009, la CFSE le envió una carta a la señora Bonilla Lorenzo en la que le negó la reclasificación en virtud de que sus funciones laborales no cumplen con los criterios establecidos para clasificarla como Enfermera Gerencial IV. En adición, el 10 de octubre de 2013, la CFSE le remitió una comunicación a la señora Cordero Ocasio informándole la denegatoria de la reclasificación que esta solicitó debido a que la CFSE no encontró evidencia que justifique un cambio sustancial en sus deberes que resulte en reclasificar su puesto.[6]

Insatisfecha, el 6 de julio de 2005, la señora Rodríguez Pérez presentó una *Apelación* ante la Junta de Apelaciones.[7] De igual forma, el 9 de junio de 2009 la señora Bonilla Lorenzo radicó una *Apelación* ante el mismo organismo administrativo. También, el 18

---

[3] *Íd.*, pág. 2.
[4] *Íd.*
[5] *Véase* expediente administrativo.
[6] *Íd.*
[7] Apéndice del recurso de Revisión Administrativa, Anejo 1, pág. 1.

de noviembre de 2023, la señora Cordero Ocasio instó una *Apelación* ante la Junta de Apelaciones.

Posteriormente, la CFSE presentó una *Contestación a la apelación*, correspondiente a cada recurso de *Apelación*, instado por la parte recurrente.[8] Adujo que, la reclasificación rogada por la parte recurrente no procedía. Además, argumentó que las funciones en el empleo de la parte recurrente no cumplen con los criterios fijados para ser reclasificada como Enfermera Gerencial IV.

Tras diversos incidentes procesales, el 19 de septiembre de 2024, durante la celebración de la primera vista adjudicativa, la Junta de Apelaciones ordenó la consolidación de las apelaciones presentadas por la parte recurrente.[9] Así las cosas, las vistas adjudicativas continuaron los días 15 de octubre de 2024, 11 de diciembre de 2024 y el 19 de diciembre de 2024.[10]

Así pues, el 1 de mayo de 2025, la Junta de Apelaciones emitió y notificó una *Resolución*[11] en la que formuló las siguientes determinaciones de hechos:

1. Desde el 16 de agosto de 2000, la Sra. Gladys Rodriguez Pérez ocupa el puesto Núm. 2949 como Enfermera Gerencial III adscrita a la División de Servicios Médicos de la Región de Bayamón. La Sra. Iris Bonilla Lorenzo ocupa el puesto Núm. 5568 desde el 13 de agosto de 2003 el cual pertenece a la clase de Enfermera Gerencial III adscrita a la División de Servicios Médicos de la Oficina Regional de Aguadilla. Desde el 4 de agosto de 2008 la Sra. Zulma Cordero Ocasio ocupa el puesto Núm. 3967 de la clase de Enfermera Gerencial III adscrita a la División de Servicios Médicos en la Oficina Regional de Carolina y realizando las funciones como Enfermera Epidemióloga. Cabe señalar que los hechos que acontecen en este caso serán descritos en el mismo orden según fueran mencionadas las Apelantes.
2. Las Apelantes prepararon en conjunto con el Director Médico de su Oficina Regional un listado de tareas y deberes para la reclasificación según le fuera solicitado por el Jefe de la División de Clasificación y Retribución de la CFSE, el Sr. Luis Ramos Navarro.
3. El 3 de septiembre de 2005; 2 de octubre de 2008 y el 28 de junio de 2013 respectivamente, las Apelantes

---

[8] *Íd.*, pág. 1.
[9] *Íd.*, págs. 1-2.
[10] *Íd.*, pág. 2.
[11] *Íd.*, págs. 1-11.

solicitaron al Director Asociado de Recursos Humanos de la CFSE la Reclasificación a Enfermera Gerencial IV la cual fuera denegada por la CFSE.

4. El 6 de julio de 2005; 8 de junio de 2009 y 18 de noviembre de 2013 cada una de las Apelantes presentaron una Apelación ante esta Junta de Apelaciones.

5. La Apelada contestó cada una de las apelaciones solicitando que esta Junta declare No Ha Lugar las apelaciones presentadas.

6. Luego de varias incidencias procesales, las vistas adjudicativas dieron inicio y continuación los días 19 de septiembre, 15 de octubre, 11 noviembre y 19 de diciembre de 2024. En estas declararon cada una de las Apelantes, el perito de las apelantes, el Sr. Ramón L. Fuentes Vázquez. Por la parte Apelada declaró el Sr. Luis Ramos Navarro.

7. Culminadas las vistas adjudicativas, quedó sometido el caso ante nuestra consideración.[12]

En lo pertinente, la Junta de Apelaciones determinó que procedía la reclasificación solicitada por la parte recurrente. El organismo administrativo resolvió que la parte recurrente logró demostrar con suficiente claridad que deben ser reclasificadas como Enfermera Gerencial IV. Ello, tras cumplir con los criterios requeridos para la reclasificación solicitada. Consecuentemente, declaró Ha Lugar las apelaciones presentadas por la parte recurrente. Sin embargo, ordenó como medida remediativa de justicia en equidad que, se clasificara prospectivamente a la parte recurrente como Enfermera Gerencial IV.

No obstante, el 16 de mayo de 2025, la parte recurrente instó una *Moción de reconsideración* en la que argumentó que, la Junta de Apelaciones debió ordenar la reclasificación de manera retroactiva y no prospectiva. Adujo que, conforme a la reglamentación de la CFSE, las reclasificaciones de puestos tienen efectos retroactivos a partir de la notificación de la *Resolución.* Por ende, solicitó que la Junta de Apelaciones decretara la reclasificación de forma retroactiva.[13]

---

[12] *Íd.*, págs. 2-3.
[13] *Íd.*, Anejo 2, págs. 12-16.

El 29 de mayo de 2025, la Junta de Apelaciones emitió una *Orden* en la que declaró No Ha Lugar la *Moción de reconsideración.*[14]

Inconforme con el dictamen, la parte recurrente compareció ante nos mediante un recurso de *Revisión Administrativa* en la que coaligó el siguiente señalamiento de error:

> Erró la Junta de Apelaciones para empleados gerenciales de la Corporación del Fondo del Seguro del Estado, al no dictaminar como cuestión de derecho, la retroactividad de la Resolución incluyendo en su aspecto retributivo salarial.

En atención a nuestra *Resolución,* la CFSE presentó una *Oposición a Recurso de Revisión Administrativa.*

Empero, el 27 de junio de 2025, la CFSE presentó ante esta Curia un *Recurso de Revisión Administrativa* en la que, por los mismos hechos en controversia y dictamen de la Junta de Apelaciones, nos solicitó que revoquemos la *Resolución* recurrida. La CFSE argumentó que, la Junta de Apelaciones erró en concederle la reclasificación solicitada por la parte recurrente. Asimismo, en su recurso la CFSE imputó los siguientes señalamientos de error:

> Primer error: Erró la Junta de Apelaciones al determinar que "el trabajo profesional y especializado" que realizan las enfermeras epidemiólogas no es cónsono con el nivel III.
>
> Segundo error: Erró la Junta de Apelaciones al determinar que procede la reclasificación de las enfermeras epidemiólogas a una escala superior debido a los deberes y funciones que realizan.
>
> Tercer error: Erró la Junta de Apelaciones al no establecer, en la Resolución Final, relaciones de hechos materiales precisas y fundamentadas con la prueba que obra del expediente.

El 15 de julio de 2025, la parte recurrente instó un *Alegato en oposición a recurso de revisión.*

Con el beneficio de la comparecencia de las partes, procederemos a resolver los recursos.

---

[14] *Íd.,* Anejo 3, págs. 17-18.

## II.

### A.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.*, (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 590-591 (2020). La Revisión Judicial es aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos que serán revisadas por el Tribunal de Apelaciones. *Íd.* 3 LPRA sec. 9671. La Revisión Judicial de determinaciones administrativas responde principalmente a delimitar la discreción de las agencias y velar que ejerzan sus funciones conforme a la ley. *Mun. de San Juan* v. *J.C.A.*, 149 DPR 263, 279 (1999); *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach,* 214 DPR 370 (2024). La intervención judicial se rige por los parámetros establecidos en la LPAU. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra.* Asimismo, la sección 4.2 de la LPAU establece que,

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

*Íd.* 3 LPRA sec. 9672.

El mecanismo de revisión judicial se extiende a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por las agencias o funcionarios administrativos. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra*, pág. 378. La LPAU no define lo que es una orden o resolucion final pero, el Tribunal Supremo ha definido una orden o resolucion final como "las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". *J. Exam Tec. Med. v. Elías et al.*, 144 DPR 483, 490 (1997). La orden o resolución final, resuelve todas las controversias pendientes ante la agencia y da finalidad al proceso administrativo. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra*, pág. 378, citando a: *Miranda Corrada v. DDEC et al.*, 211 DPR 738, 741–742 (2023); *Fonte Elizondo v. F & R Const.*, 196 DPR 353, 358 (2016); *A.R.Pe. v. Coordinadora*, 165 DPR 850, 867 (2005); *Crespo Claudio v. O.E.G.*, 173 DPR 804, 813 (2008); *Comisionado Seguros v. Universal*, 167 DPR 21, 28 (2006). Las decisiones administrativas que no cumplan ese criterio no son revisables judicialmente. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach, supra*, pág. 378.

**B.**

Los organismos administrativos merecen la mayor deferencia posible de los tribunales. *Otero* v. *Toyota*, 163 DPR 716, 727 (2005). Tal deferencia se apoya en que las agencias administrativas tienen conocimiento experto y la experiencia especializada de los asuntos que le son encomendados. *Otero* v. *Toyota, supra,* pág. 728. Un principio establecido es que las determinaciones de las agencias administrativas tienen una presunción de legalidad y corrección en la que no deben intervenir los tribunales. *Rebollo* v. *Yiyi Motors,* 161 DPR 69, 78 (2004). Las determinaciones de hecho de las agencias tienen a su favor una "presunción de regularidad y corrección que

debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas." *Henríquez v. Consejo Educación Superior*, 120 DPR 194, 210 (1987). Nuestro Tribunal Supremo ha expresado que los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo "si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad". *Otero Mercado v. Toyota de P.R. Corp.,* 163 DPR 716, 727-728 (2005); *Domingo v. Caguas Expressway Motors*, 148 DPR 387, 397 (1999). Las determinaciones de hecho serán sostenidas por el tribunal, si se basan en evidencia sustancial que no obra en el expediente administrativo. *Vázquez v. Consejo de Titulares*, 216 DPR ___ (2025), 2025 TSPR 56. Ejercitando un criterio de razonabilidad y deferencia, los tribunales no deben intervenir o alterar las determinaciones de hecho realizadas por una agencia si están sostenidas por evidencia sustancial que surge del expediente. *Otero* v. *Toyota, supra,* pág. 728. El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero* v. *Toyota, supra,* pág. 728; *Ramírez v. Depto. de Salud,* 147 DPR 901, 905 (1999). La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota, supra,* pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero* v. *Toyota, supra,* pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que sostenga la determinación de la agencia, entonces no se alterará la determinación de la agencia. *Otero* v. *Toyota, supra,* pág. 728. La

parte que alegue ausencia de evidencia sustancial debe demostrar que existe:

> "[O]tra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial [...] hasta el punto de que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba" que tuvo ante su consideración. *Metropolitan S.E. v. A.R.P.E.*, 138 DPR 200, 213 (1995) citando a *Hilton Hotels v. Junta de Salario Mínimo,* 74 DPR 670, 686 (1983).

El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero* v. *Toyota, supra,* pág. 728; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999). La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota, supra,* pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero* v. *Toyota, supra,* pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que sostenga la determinación de la agencia, entonces no se alterará la determinación de la agencia. *Otero* v. *Toyota, supra*, pág. 728.

Por otro lado, respecto a las conclusiones de derecho, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Las conclusiones de derecho serán revisables en todos sus aspectos por un tribunal. *Vázquez v. Consejo de Titulares, supra.* La interpretación de la ley es una tarea que le corresponde a los tribunales y como corolario, los tribunales deben revisar las conclusiones de derecho en todos sus aspectos. *Vázquez v. Consejo de Titulares, supra.* Ello, como mecanismo interpretativo del poder

judicial. *Íd.* Ahora bien, lo anterior "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia". *Otero v. Toyota,* supra, pág. 729. Consecuentemente, cuando un tribunal llega a un resultado distinto al de la agencia, éste debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Íd.* Dicho de otro modo, "[e]l tribunal podrá sustituir el criterio de la agencia por el propio solo cuando no pueda hallar una base racional para explicar la decisión administrativa". *Íd.*

No obstante, la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. *Otero* v. *Toyota,* 163 DPR 716, 730 (2005). Al ejercer la función revisora, el tribunal está obligado a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuvo ante sí. *Rebollo* v. *Yiyi Motors,* 161 DPR 69, 78 (2004). Por otro lado, las determinaciones de derecho, el tribunal tiene amplia autonomía para revisarlas en todos sus aspectos. *Rebollo* v. *Yiyi Motors, supra,* pág. 77.

### III.

A la luz de las anteriores normas jurídicas, resulta inescapable la conclusión de que, ante la falta de una transcripción de las vistas adjudicativas, estamos impedidos de evaluar la prueba desfilada ante la Junta de Apelaciones.

Como es sabido, los tribunales debemos brindarle amplia deferencia a las determinaciones de hecho, salvo en limitadas circunstancias. En vista de que la CFSE argumentó que la Junta de Apelaciones no basó sus determinaciones de hechos con la prueba que consta en el expediente, se nos imposibilita resolver el caso en sus méritos. Ciertamente, la Junta de Apelaciones debió grabar las vistas adjudicativas con tal de preservar la prueba oral y no afectar el derecho de las partes a recurrir ante esta Curia. A esos fines, estamos vedados de evaluar correctamente los errores imputados por las partes recurrentes.

Ahora bien, lo anterior no soslaya el derecho de ambas partes a recurrir nuevamente ante nosotros. Ello, puesto que, ese derecho se materializará cuando exista una determinación final de la Junta de Apelaciones tras la celebración de las vistas adjudicativas.

## IV.

Por los fundamentos que anteceden, desestimamos los recursos de epígrafe. No obstante, **ordenamos** a la Junta de Apelaciones que nuevamente celebre y grabe las vistas adjudicativas. Además, la Junta de Apelaciones debe emitir una resolución final con tal de preservar el derecho de las partes a recurrir nuevamente ante nos.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones